190 So.2d 223

**STATE of Louisiana**

**v.**

**John Edward AMES.**

No. 48165.

June 30, 1966.

Rehearing Denied Oct. 5, 1966.

George R. Covert, Luther W. Cole, Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

On February 7, 1963, a bill of information was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, charging John Edward Ames with armed robbery under R.S. 14:64. On the same day, without counsel and without having been informed of his right to counsel, he was arraigned, pleaded guilty, and, having waived the legal delay for sentencing, was sentenced by the court to 15 years at hard labor in the Louisiana State Penitentiary.

While he was in the state penitentiary, Ames applied in proper person to the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, for habeas corpus. After a hearing that court on July 27, 1965, more than two years after Ames began serving his prison term, held that the conviction and sentence by the state court were invalid and contrary to law, and accordingly should be reversed and set aside. The federal court set aside the conviction under the holding of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, decided on March 18, 1963, in which the Supreme Court of the United States held that a person charged with a

felony in a state court is entitled to be represented by counsel, that he must be advised of that right by the court before he is arraigned, and that his mere failure to request counsel cannot be construed as an intelligent waiver of that constitutionally guaranteed right. Although the defendant Ames had been sentenced before the decision in the Gideon case and was in the penitentiary at the time that decision was rendered, the federal district court stated that it was bound to give the principles established in the Gideon case a retroactive effect because the United States Court of Appeals, Fifth Circuit, so held in Williams v. State of Alabama, 341 F.2d 777, decided on February 16, 1965, about five months before the federal court's decision in the habeas corpus proceeding in the instant case.

In reversing and setting aside Ames's conviction and sentence the United States district court made it clear that its decision did not mean that petitioner was to be set free, but that it merely meant "that the State of Louisiana must, within a reasonable time, say thirty (30) days, either proceed against plaintiff [Ames], according to law, or in the absence of such proceeding, dismiss him from custody". The 30-day period in which to try Ames was later ex-

tended by the United States district court through the month of September, 1965.[1]

After being returned from the state penitentiary to the East Baton Rouge Parish prison, Ames, represented by appointed counsel, was arraigned in open court on September 21, 1965, and pleaded not guilty, and his case was fixed for trial for September 27, 1965. The district judge, however, of his own motion subsequently refixed the trial for September 30, 1965.[2]

On September 23, after arraignment and plea of not guilty, counsel for defendant filed a petition for a writ of habeas corpus in the Louisiana district court. The judge after a hearing denied the application for the writ.[3] Certain preliminary pleas and motions were filed, taken up, and overruled. Defendant was then tried before a jury, convicted, and sentenced to a term of 30 years at hard labor in the penitentiary. From this conviction and sentence he has appealed.

■ The first bill of exception, Bill No. 1–A, was taken to the overruling by the district court of Ames's petition for a writ of habeas corpus filed September 23, 1965, in which he alleged that he had been denied certain specified constitutional rights. As stated previously, the application for habeas corpus was denied by the court before de-

---

1. The judge of the Nineteenth Judicial District Court so states in the transcript now before us on this appeal.

2. Counsel for defendant did not request or seek a further continuance.

3. Applicant did not seek review of this ruling under our supervisory jurisdiction.

fendant's trial on the armed robbery charge, but this bill was incorporated in the transcript filed in the appeal taken from defendant's conviction and sentence. By this means defendant seeks appellate review of a judgment of the district court denying him a writ of habeas corpus in a criminal case.

This court is without authority under the law to review on this appeal the judgment of the district court denying the writ of habeas corpus, for it is well settled in the law and the jurisprudence of this state that the Supreme Court does not have appellate jurisdiction of habeas corpus proceedings in criminal cases. Art. 7, Sec. 10, La. Const. of 1921; State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89, and authorities there cited.

■ Before trial defendant filed a plea of former jeopardy which was overruled by the district judge, and Bill of Exception No. 1–B was reserved. Defendant Ames points out that he pleaded guilty on February 7, 1963, to the bill of information charging armed robbery and at this time was sentenced to a term of imprisonment in the penitentiary, and that this conviction and sentence were annulled and set aside on constitutional grounds by the United States district court. He argues that he cannot again be tried for this same offense, relying on the provision of Article 1, Section 9, of the Louisiana Constitution that " * * * nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained". It is his contention that his former conviction of armed robbery constitutes jeopardy, and that he cannot be retried for this same offense because no new trial was granted on his application, there was no mistrial, and there was no motion in arrest of judgment sustained. In short, he contends that he is not within any of the exceptions set forth in the Constitution which permit a person to be twice put in jeopardy for the same offense.

In considering the question here presented we must remember that defendant's conviction and sentence of February 7, 1963, have been declared invalid, reversed, and set aside by the United States district court because his constitutional right to counsel was infringed, and that the federal court ordered the State of Louisiana to take further proceedings against him within a time fixed in its order or discharge him from custody. In accordance with this order the State proceeded to try the defendant under the same bill of information charging the offense to which he had previously pleaded guilty. The question to determine is whether under these circumstances the defendant Ames has been twice put in jeopardy.

R.S. 15:279 sets forth what circumstances are required to constitute former jeopardy. This statute reads in pertinent part:

"To constitute former jeopardy it is necessary * * * that the proceedings ending in the former acquittal or conviction were valid * * *."

Clearly, then, the accused has not been twice put in jeopardy for the same offense. The proceedings ending in his former conviction were invalid, having been so declared by the federal court, and consequently do not constitute former jeopardy.

The defendant contends that the Legislature by R.S. 15:279, quoted in part above, attempted to add to the constitutional exceptions which permit a person to be twice put in jeopardy for the same offense, and that the Legislature did not have authority thus to change the Constitution.

The Legislature by the statutory provisions concerned with former jeopardy has not added other exceptions to those found in the constitutional provision. The statute merely states what circumstances are necessary to constitute former jeopardy as contemplated by the Constitution, which does not itself define what is meant by "jeopardy".

Our statutory provision that to constitute former jeopardy the proceedings ending in the former acquittal or conviction must be valid is in accord with generally accepted principles. See 21 Am.Jur.2d,

Criminal Law, sec. 173, p. 235; 22 C.J.S. Criminal Law § 245, p. 647.

In McCleary v. Hudspeth, C.C.A. 10, 124 F.2d 445, certiorari denied 316 U. S. 670, 62 S.Ct. 1043, 86 L.Ed. 1745, McCleary was charged in two indictments in the United States district court with violations of postal laws. Under these indictments he entered pleas of guilty and was sentenced to prison for 25 years. After serving part of his prison terms he applied for and was granted a writ of habeas corpus by the United States district court on the ground that he had been denied the assistance of counsel and that the sentences imposed upon him were void. Subsequently he was arraigned on the same indictments, and after pleas of not guilty was tried, convicted, and again sentenced to imprisonment for 25 years. After these latter convictions he sought a writ of habeas corpus on several grounds, one of which was that by being subjected to trial on the same indictments he was twice put in jeopardy for the offenses charged therein. The United States Court of Appeals affirmed a judgment of the United States district court which had denied applicant's petition for habeas corpus, saying:

"The pleas of guilty having been entered at a time when petitioner had neither waived nor been accorded his right to the assistance of counsel, the pleas of guilty and the judgments entered were invalid and were properly vacated by the Pennsylvania Federal Court. A proceeding, to

constitute a proper basis for a claim of former jeopardy, must be valid. If the proceedings are lacking in any fundamental prerequisite which renders the judgment void, they will not constitute a proper basis for a claim of former jeopardy. Here, the proceedings, including the pleas of guilty, the judgments entered, and the sentences pronounced, lacked essential validity and it follows that they cannot constitute a proper basis for a claim of former jeopardy."

To the same effect is Levine v. Hudspeth, C.C.A. 10, 127 F.2d 982, certiorari and rehearing denied 317 U.S. 628, 707, 63 S.Ct. 39, 153, 87 L.Ed. 507, 564.

In People v. Demes, 220 Cal.App.2d 423, 33 Cal.Rptr. 896, certiorari denied 377 U. S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 308, the California District Court of Appeal held as unsustainable the defendant's claim that he was placed in jeopardy in a former proceeding when the conviction upon that former trial had been reversed on the ground, among others, that defendant had been denied counsel.

In United States ex rel. Almeida v. Baldi, C.C.A. 3, 195 F.2d 815, 33 A.L.R.2d 1407, certiorari and rehearing denied 345 U.S. 904, 946, 73 S.Ct. 639, 828, 97 L.Ed. 1341, 1371, Almeida was convicted of murder in the Pennsylvania state court and sentenced to death. His petition to the United States District Court for the East- ern District of Pennsylvania for a writ of habeas corpus was granted on the ground that on the trial of this capital case he had been denied due process of law guaranteed to him by the Fourteenth Amendment because of the suppression of evidence vital to his defense. The United States Court of Appeals affirmed, but in doing so pointed out in a footnote:

"The grant of the writ will not keep Almeida from being tried again for he cannot successfully plead double jeopardy. See Commonwealth v. Townsend, 167 Pa. Super. 71, 76–77, 74 A.2d 746, 749; Commonwealth v. Gibbs, 167 Pa.Super. 79, 83–84, 74 A.2d 750, 753–754; Commonwealth ex rel. Townsend v. Burke, 361 Pa. 35, 41, 63 A.2d 77, 79–80, and Commonwealth ex rel. Wallace v. Burke, 169 Pa. Super. 633, 636, 84 A.2d 254, 255."

See also United States v. Brest, C.C.A. 3, 266 F.2d 879, certiorari denied 362 U.S. 912, 80 S.Ct. 662, 4 L.Ed.2d 619; State v. Heard, 49 La.Ann. 375, 21 So. 632.

■ The next bill presented for our consideration, Bill No. 2, was taken to the overruling by the trial judge of a motion to dismiss the prosecution because more than two years had elapsed between the institution of this prosecution by the filing of the bill of information on February 7, 1963, charging armed robbery (a felony) and the trial set in September, 1965. He relies on R.S. 15:7.8 which declares:

"* * * no trial shall be commenced in capital cases after 3 years from the date of institution of the prosecution, in other felony cases after two years from the date of the institution of the prosecution * *."

As heretofore stated, on the same day the prosecution was instituted, February 7, 1963, Ames pleaded guilty and was by judgment of the court sentenced to a term of imprisonment in the state penitentiary. Under this judgment he remained in the penitentiary until this conviction and sentence were declared invalid on July 27, 1965, by the United States district court. Pursuant to order of the federal court the State again placed Ames on trial on September 30, 1965, more than two years after institution of the prosecution, and at this trial he was convicted and sentenced as above set forth.

The judgment of conviction following Ames's plea of guilty was a final judgment valid on its face, and it remained effective until such time as it was declared invalid by a court of competent jurisdiction. Its validity could be questioned by Ames if he considered that his constitutional rights had been violated. But until the judgment of conviction was declared invalid by a competent court, institution of any further proceedings leading to a retrial of Ames for this same offense was beyond the control of the State. See State v. Oglesby, 164 La. 329, 113 So. 865. The final judgment of conviction on Ames's plea of guilty ended that prosecution insofar as the State was concerned, and there remained no pending prosecution for which the State could commence a trial. Therefore the provisions of R.S. 15:7.8 relied upon by the defendant have no application to the period from the final judgment on the plea of guilty until that judgment was declared invalid.

Bill of Exception No. 3 was taken to the overruling of defendant's motion for a mistrial, under the following circumstances as shown by the trial judge's per curiam: A short time before the court took a noon recess the judge said to counsel: "I promise you I will get the case through with—for all concerned, today. I don't think it is going to be much—how long do you think it will take?" Counsel moved for a mistrial, urging that the judge's remark was prejudicial because it implied to the jury that the defendant was guilty.

In his per curiam the trial judge tells us that he was concerned only with the time it would take to try the case, that this information was needed because of the crowded condition of the docket, and that the court would reconvene earlier than usual if this would enable it to finish the case that day. We see nothing in the remark that could be construed as an inference of defendant's guilt, and we therefore find no prejudice. Moreover, when court reconvened after the noon recess, the judge asked each juror whether the remark had created in his mind

an inference that the defendant was guilty, and each answered that it had not.

The next bill for our consideration, Bill of Exception No. 5, was reserved to the overruling of defense counsel's objection to the admission of certain evidence. This evidence consisted of documents or records showing the receipt and disposition of money which had been released or returned to the victim of the armed robbery and an order of court directing that evidence in a long list of cases (including the gun used by Ames in the robbery) be destroyed or disposed of because, as stated in the order, the cases for which this evidence was being held had long since been tried, nolprossed, or dismissed. These documents were introduced by the State to show the disposition of the exhibits which were no longer needed for evidence after Ames had entered a plea of guilty and had been sentenced to a term in the penitentiary. These exhibits were the best evidence in the State's control, and it introduced them in compliance with R.S. 15:436, which provides that "The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced".

Counsel for defendant argue that since Ames was on trial, the notation in the court order that the cases had been tried, nolprossed, or dismissed made it obvious to the jury that he had been previously tried and convicted. We cannot agree that the jury would obviously have so concluded. The prejudice contended for is not apparent to us.

Finally, defendant contends that there is error patent on the face of the record. He points out that on his plea of guilty he was sentenced to 15 years' imprisonment, whereas after trial ordered by the federal court he was sentenced to imprisonment for 30 years. He argues that his constitutional rights have been violated because at the hearing on his application in federal court for a writ of habeas corpus he was without the benefit of counsel to advise him that his sentence could be increased if he was granted a retrial.

R.S. 15:503 provides that an error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence though such evidence be in the record. An inspection of the pleadings and proceedings in the instant case does not show all the facts on which defendant relies to establish error patent on the face of the record. To ascertain all these facts an inspection of evidence adduced would be necessary. This contention is therefore not properly before us. Moreover, it would appear to us that the defendant's being without counsel in the habeas corpus proceedings in the federal

court was a matter for that court at that time. Furthermore, the duration of sentence, if within the limits set by law, is a matter which addresses itself to the trial judge and is not reviewable by this court on appeal from a judgment of conviction.

Certainly in the present case the defendant was represented by competent and well qualified counsel, a fact which a reading of this record will reflect. This court well knows that in cases such as this the attorneys of this state are conscientiously discharging their duties as lawyers and officers of the court, giving their time and legal experience without remuneration and often at their own expense and to the detriment of their private practices. Counsel in the instant case have discharged their duty fully and well, and are to be commended.

For the reasons assigned the conviction and sentence are affirmed.

### On Motion for Rehearing

PER CURIAM.

The motion for rehearing complains only of our decision affirming the district court's overruling of the plea of former jeopardy (Bill of Exception 1–B). We have carefully reviewed the decision and have concluded that the motion for rehearing lacks merit. Hence, the motion is denied.