John Edward AMES, Appellant,

v.

J. D. MIDDLEBROOKS, Warden, Louisiana State Penitentiary, Appellee.

No. 23504.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1966.

Certiorari Denied March 13, 1967.

See 87 S.Ct. 1050.

John Edward Ames, Angola, La., for appellant.

Jodie W. Stout, Asst. Atty. Gen., Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge.

This appeal is from a judgment of the district court denying habeas corpus to a prisoner of the State of Louisiana without a hearing. In February, 1963, appellant was convicted upon a guilty plea to armed robbery and sentenced to a term of fifteen years in the Louisiana State Penitentiary. In July, 1965, that conviction was vacated by the United States District Court for the Eastern District of Louisiana on the ground that appellant had not been advised of his right to appointed counsel at the time of his original conviction. Upon retrial two attorneys were appointed to represent appellant; he was duly arraigned, and entered a plea of not guilty. In the trial which followed he was found guilty by jury verdict and on October 15, 1965, he was sentenced for a term of thirty years. On November 8, 1965, appellant filed in the federal district court a petition for habeas corpus, raising numerous grounds of error concerning the conduct of his first and second trials and also asserting the he had been denied his right of appeal in the state courts. On November 17, 1965, the district court denied the petition without a hearing on the grounds that it presented no contention that had not been raised in a prior petition. On March 1, 1966, this Court granted appellant's motion for the issuance of a certificate of probable cause and for leave to appeal in forma pauperis.

■■■■ After careful review of the proceedings below, we are convinced that the district court's denial of appellant's petition should be affirmed, but not for the reasons set forth by the district court.[1] In his petition appellant asserts that he was deprived the right of direct appeal from his state conviction; however, in the motion to dismiss appellee correctly points out that appellant did in fact appeal to the state supreme court on March 10, 1966, more than four months after filing his petition for habeas corpus in the federal district court. On June 30, 1966, the Louisiana Supreme Court affirmed appellant's conviction, and on October 5, 1966, it denied appellant's motion for rehearing. State v. Ames, La.1966, 190 So.2d 223. It is therefore apparent that when appellant sought federal habeas corpus relief on November 8, 1965, he had not exhausted his available state remedies within the meaning of 28 U.S.C. § 2254. We have ruled on numerous occasions that a state prisoner is not entitled to maintain habeas corpus in the federal courts until he has exhausted the state remedies open to him at the time he attempts to seek federal relief. E. g., Key v. Holman, 5th Cir. 1965, 346 F.2d 153; Martin v. Spradley, 5th Cir. 1965, 341 F.2d 89. Although the exhaustion principle is one of comity and not jurisdiction, Pate v. Holman, 5th Cir. 1965, 343 F.2d 546; Whippler v. Balkcom, 5th Cir. 1965, 342 F.2d 388, we conclude that for the district court to assert jurisdiction under the circumstances of this case would run directly counter to the rationale that state tribunals should be afforded an initial opportunity to correct alleged abuses of constitutionally protected rights within their respective jurisdictions. See Bell v. State of Alabama, 5th Cir. September 29, 1966, 367 F.2d 243. Absent exceptional circumstances, it is incompatible with an orderly system of state and federal administration of criminal justice to allow an individual in state custody to proceed at the same time with two different remedies to secure his release. Miller v. Gladden, 9th Cir. 1965, 341 F.2d 972. Notwithstanding that the Louisiana Supreme Court has entered a final disposition of appellant's direct appeal while his § 2254 proceeding has been pending be-

1. While the district court denied relief on the ground that the petition was "based on the same grounds as contained in his [appellant's] prior application," it appears that the prior application was filed on September 29, 1965, the day before appellant's retrial in the state court, and therefore alleges none of the trial errors nor the denial of appeal complained of in the petition before us.

fore this Court, appellant has nonetheless failed to sustain the burden of establishing the exhaustion of available state remedies. United States ex rel. Cuomo v. Fay, 2d Cir. 1958, 257 F.2d 438, cert. denied, 1959, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307. If appellant failed on direct appeal to raise the alleged constitutional infirmities enumerated in the instant petition, these contentions should now be presented to the state courts and adjudicated by means of appropriate state habeas corpus proceedings, La.Rev. Stat.Ann. §§ 15:113–15:141 (1951), before resort to similar federal relief would be warranted. Smart v. Balkcom, 5th Cir. 1965, 352 F.2d 502; United States ex rel. Connelly v. Cormier, 5th Cir. 1960, 279 F.2d 37.

■ This controversy does not involve an exceptional situation such as that which confronted this Court in Bell v. State of Alabama, supra, where the appellant had filed his petition in the federal district court seven days before expiration of the six-month period designated for appeal from a denial of a *coram nobis* petition. In that case, this Court reversed the district court's dismissal of the petition for failure to exhaust state remedies, reasoning that as of the date of its opinion there existed no further available remedy under state law. In the case before us, however, appellant's direct appeal was not even on file in the state courts until more than four months subsequent to the filing of his federal habeas corpus petition. Indeed, during the six-month period in which the appeal from the denial of appellant's petition was pending before this Court, the direct appeal of appellant's conviction was filed, heard and affirmed by the Louisiana Supreme Court, and his petition for rehearing was denied. Even assuming that all alleged constitutional defects were raised in the state-court appeal, thus obviating the necessity of resorting to available state habeas corpus processes as a prerequisite to federal relief, we remain convinced that establishing an exception to the exhaustion-of-remedies doctrine in this instance would in large

part defeat the purpose of such doctrine. Rather than affording state tribunals an initial opportunity to pass upon alleged abuses of constitutionally protected rights within their respective jurisdictions, it could only have the disruptive effect of encouraging premature resort to federal relief by one in state custody willing to gamble that a concurrent proceeding in the state courts would be effectively terminated by the time his similar claim for federal relief had reached the appellate level.

For these reasons, we therefore affirm the district court's denial of appellant's petition without prejudice to appellant's right to reassert a timely claim for federal relief upon an adequate showing that he has fully exhausted the available post-conviction remedies provided by the State of Louisiana.