**William O. SUTHERLAND, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,**
**Appellee.**

**No. 25597.**

United States Court of Appeals
Fifth Circuit.

May 22, 1968.

William O. Sutherland, pro se.

Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

This is an appeal from the District Court's denial of a writ of habeas corpus to a prisoner of the State of Florida without a hearing. We affirm.

The appellant was convicted upon trial by jury of possession of burglarious tools. The judgment was affirmed upon appeal. Sutherland v. State, Fla.App.1964, 167 So.2d 236, cert. denied 173 So.2d 148 (1965). Appellant has made no other applications for post-conviction relief in any state court.

In his traverse to the response filed in District Court, the appellant alleged for the first time that the written consent to search his automobile, which he had signed, was coerced. The District Court held that state remedies had not been exhausted as to this contention, and therefore no hearing was required relative thereto. This finding is supported by the record and by the opinion of the state appellate court. 28 U.S.C. § 2254; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. [No. 24326, February 12, 1968]; Ames v. Middlebrooks, 5 Cir. 1966, 369 F.2d 113.

The appellant's other contention is that his arrest for vagrancy did not justify a search, because he was subsequently acquitted on the vagrancy charge. The state appellate court specifically rejected this contention, on the authority of Rinehart v. State, Fla.App. 1959, 114 So.2d 487, cert. pet. dismissed, 121 So.2d 654, cert. denied 365 U.S. 849, 81 S.Ct. 812, 5 L.Ed.2d 813.

In Rodriguez v. Hanchey, 5 Cir. 1966, 359 F.2d 724, 726, cert. denied 385 U.S. 884, 87 S.Ct. 179, 17 L.Ed.2d 112, this Court observed that, "It is settled that the lawfulness of arrests by state officers for state offenses is to be determined by state law. Ker v. State of California, 1963, 374 U.S. 23, 37, 83 S.Ct. 1623, 1632, 10 L.Ed.2d 726, 740. * * *"

The Florida State courts have specifically held that the appellant's arrest was valid under the applicable state law, and no sufficient reason appears to require retrial of the factual issues in the District Court.

Our conclusion is that the District Court did not reversibly err in denying the petition without an evidentiary hearing.

The judgment is affirmed.