586 P.2d 974

**The STATE of Arizona, Appellee,**

v.

**Richard D. WARD, Appellant.**

**No. 3887–2.**

Supreme Court of Arizona,
In Banc.

Oct. 30, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Dennis I. Davis, Show Low, for appellant.

CAMERON, Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of armed robbery, A.R.S. § 13–641, –643(B). We take jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We need answer four questions to resolve this appeal:

1. Were the speedy trial provisions of the Arizona Rules of Criminal Procedure violated?
2. Was defendant's constitutional right to speedy trial violated?
3. Did the Clerk of the Superior Court of Navajo County violate Rule 28.1(c), Rules of Criminal Procedure, 17 A.R.S.?
4. Did the failure to subpoena the court reporter prejudice the defendant at his second trial?

The facts necessary for a resolution of this appeal are as follows. In April of 1975, defendant Ward and three other codefendants were jointly tried before a jury and found guilty of the armed robbery of a gas station in Winslow, Arizona. Defendant appealed. Before the appeal could be heard, the court reporter who recorded the trial moved to Florida without transcribing the trial proceedings. The Clerk of the Superior Court of Navajo County sent the court reporter's notes of the trial to the court reporter in Florida for the purpose of preparing a transcript. What happened to these notes is not clear. In any event, the reporter's transcript was not available and this court, in face of defendant's prima facie allegation of fundamental error, *State v. Masters,* 108 Ariz. 189, 494 P.2d 1319 (1972), reversed with an unpublished opinion. Rule 48, Rules of the Supreme Court, 17A A.R.S.

The matter was retried and the evidence at the retrial indicated that a service station in Winslow, Arizona, was robbed and that the defendant was involved. The robbers were four in number and left the scene by automobile headed for Holbrook, Arizona. The testimony given by law enforcement officers indicated that the defendant was driving the car when it tried to run a roadblock outside Holbrook. The defendant fled on foot from the automobile after it was disabled and stopped. He was taken into custody shortly thereafter at a nearby motel. The evidence also indicated that the amount taken in the robbery was $107 and some change. When arrested, each person had about one-fourth of this amount. Defendant had $27.85 in his possession.

Defendant took the stand and testified in his own behalf. He admitted two prior felony convictions for armed robbery. Defendant contended that he had been asleep in the back seat at the time of the robbery, knew nothing about it, that he had been awakened and asked to drive shortly before the roadblock. Defendant also contended that a codefendant, Ghormley, had given him the $27.85 as money for gas. Defendant testified he ran the roadblock because he had two driving while intoxicated warrants outstanding in Phoenix, Arizona, and was afraid of going to jail with his prior felony record. Defendant was convicted and appeals.

## VIOLATION OF ARIZONA'S
## SPEEDY TRIAL RULE

The unpublished memorandum opinion stating the reason for reversal and need for a new trial was filed on 1 June 1977. The order (mandate) reversing and remanding was not filed until 24 June 1977. Retrial commenced within 60 days of the order, but more than 60 days after the opinion was filed. Our rule reads:

"d. *New Trial.* A trial ordered after a mistrial, upon a motion for a new trial, or upon the reversal of a judgment by an Appellate Court shall commence within 60 days of the entry of the order of the court or service of the mandate of the Appellate Court." Rule 8.2(d), Rules of Criminal Procedure, 17 A.R.S.

■ Defendant contends that the time began to run from the day the memorandum opinion was filed and not the order. We disagree. After an opinion of an appellate court is filed and made available to the parties, a motion for rehearing may be made and considered by the court. The decision of the appellate court does not become final until the order (or mandate) is filed. See Rule 31.18, Rules of Criminal Procedure, as amended 1974, and Rule 9(a), Rules of the Supreme Court. Unless indicated by the appellate court, the decision is not final until after time for rehearing has passed and the order (or mandate) has issued. In the instant case, the matter was brought to trial within 60 days after the order was filed. We find no violation of the speedy trial provisions of the Arizona Rules of Criminal Procedure, 17 A.R.S.

## CONSTITUTIONAL SPEEDY
## TRIAL VIOLATION

Defendant contends that the United States Constitution's Sixth Amendment right to speedy trial was also violated because of the length of time from his indictment and the conviction in the instant case. Defendant was indicted on 3 March 1975. He was convicted by a jury on 23 April 1975 and he was sentenced on 27 May 1975 to 10 to 16 years in the Arizona State Prison. The matter was timely appealed to the Court of Appeals and the matter thereafter was transferred to this court pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Because the court reporter at the original trial had left the state and the reporter's notes were not available, there was a delay while an attempt was made to obtain the notes and have them transcribed. When it became apparent that the reporter's notes were not available and a record of the trial could not be reconstructed, this court reversed for new trial. Although the defendant was promptly retried, it was over two years from the first trial in April of 1975 to the retrial in August of 1977.

■ The United States Supreme Court has applied the Sixth Amendment requirement of speedy trial to the states. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the court held the speedy trial requirements do not apply until the defendant becomes an accused or is arrested and is placed under restraint. The court declined to extend the reach of the speedy trial provision to the period prior to arrest. In the instant case, there was no speedy trial violation between the time of arrest and the first trial. Neither was there any speedy trial violation between the issuance of the mandate and the second trial. We are then concerned only with the time between the notice of appeal and the decision of this court reversing the first conviction. Counsel has cited no cases and we have found none which hold that this period of time is to be included in the speedy trial computation. The Louisiana Supreme Court has stated in a case wherein the defendant was adjudged guilty after a plea and a new trial ordered by the federal district court after two years that their speedy trial rules did not apply:

"* * * Pursuant to order of the federal court the State again placed Ames on trial on September 30, 1965, more than two years after the institution of the prosecution, and at this trial he was convicted and sentenced as above set forth.

\* \* \* [U]ntil the judgment of conviction was declared invalid by a competent court, institution of any further proceedings leading to a retrial of Ames for this same offense was beyond the control of the State. (citation omitted) The final judgment of conviction on Ames's plea of guilty ended that prosecution insofar as the State was concerned, and there remained no pending prosecution for which the State could commence a trial. \* \* *State v. Ames,* 249 La. 685, 697–98, 190 So.2d 223, 227 (1966).

In the instant case, as long as the appellate court had jurisdiction as a result of the appeal initiated by the defendant, the trial court was without jurisdiction to try the matter. Admitting that there was excessive delay as a result of the conduct of the court reporter and that this delay was not caused by defendant, we still do not believe that the period of time between notice of appeal and retrial upon reversal can be counted as part of the time to be considered in a constitutional denial of a defendant's right to speedy trial.

■ Defendant, however, contends that he was prejudiced by the delay because he was not able to call two witnesses who would testify that he was asleep at the time of the robbery and did not know of, let alone participate in, its commission.

There were three codefendants involved in the robbery. Two of these, Jerome Charles Ghormley and Lorenzo Youngeagle, had been released from custody at the time of the second trial and their whereabouts were unknown to defendant. The third, Arthur Griffen Brown, was still incarcerated and the defendant moved, pursuant to A.R.S. § 13–1826, for an order requiring the State to bring Brown from the Arizona State Prison to Navajo County so he could testify for the defendant. The motion was granted and Brown was brought to Navajo County and made available during the trial. However, Brown was not called by the defendant to testify. The defendant also moved, pursuant to A.R.S. § 13–1863 of the Uniform Act, to "Secure The Attendance Of Witnesses From Without A State In Criminal Proceedings" to compel the attendance of the court reporter at the trial which motion was denied. The record, however, reveals no efforts by the defendant to have the other two codefendants, Ghormley and Youngeagle, located and produced for trial.

Since the defendant made no attempt to have the State find the witnesses and produce them for trial, we find no error. Where the defendant makes no effort to obtain the presence of the witnesses he contends would testify in his favor, we will not consider as error on appeal the fact that these witnesses were not present for trial. Absent some deliberate conduct on the part of the State to delay defendant's trial to defendant's prejudice, we will not assume that the delay between an appeal by the defendant and a new trial after reversal on appeal is a violation of defendant's constitutional right to speedy trial. We find no error.

## RULE 28.1(c), RULES OF CRIMINAL PROCEDURE

■ Defendant argues that the loss of the first trial manuscript amounted to a violation of Rule 28.1(c), Rules of Criminal Procedure, 17 A.R.S., which reads as follows:

*"Original Notes of Court Reporter.* In no case shall the court reporter's notes of the proceedings in criminal cases be destroyed."

Similarly, our Court of Appeals stated in *State v. Madrid,* 20 Ariz.App. 51, 510 P.2d 50 (1973), that all reporter's notes taken at a criminal trial should be retained by the court as part of the official file.

Rule 28.1 of the Rules of Criminal Procedure sets forth the duties of the clerks of the superior courts. Rule 28.1(a) provides that the clerk shall keep the records; 28.1(b) provides for destruction of the records; and 28.1(c) exempts the reporter's notes from the destruction provision of Rule 28.1(b).

The text of Rule 28.1(c) material to defendant's argument speaks of the obligation

of the clerk of the court not to *destroy* the court reporter's notes of the criminal proceedings. We cannot say that the action by the clerk of the court in sending the notes to the court reporter amounted to a destruction of the notes as proscribed by Rule 28.1(c). To place this construction on the rule would mean that a court reporter would never be able to take his notes out of the clerk's office for transcription. Absent a clear showing of negligence on the part of the clerk, turning over notes to the reporter for transcription is not a violation of Rule 28.1(c). See generally *Maddox v. Astro Investments,* 45 Ohio App.2d 203, 343 N.E.2d 133 (1975).

### FAILURE TO SUBPOENA THE COURT REPORTER

■ The defendant made a motion pursuant to the Uniform Act, A.R.S. § 13–1863, to compel the presence of the absent court reporter, Mike McClusky, to testify. McClusky was in Florida at the time. The court had already held Mr. McClusky in contempt of court but otherwise made no further attempt to compel his attendance.

Defendant contends that he wanted McClusky's presence so that McClusky, even though his notes were lost, could testify from memory as to the testimony given by the missing witnesses in the first trial regarding the defendant's contention that he was asleep in the back seat of the auto at the time of the robbery. Even assuming that the court reporter could so testify, we find no prejudice to the defendant. There were others who could have testified as to the testimony of the witnesses at the first trial. For example, the attorney for the four defendants at the first trial was available and while he could not testify as to what each client told him in confidence, there were no ethical considerations which would have prohibited him from testifying as to what was said in open court at the first trial.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.