901 P.2d 1218

**STATE of Arizona, Respondent,**

v.

**Alexander M. DALGLISH, Petitioner.**

**No. 1 CA–CR 94–0508–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

April 27, 1995.

Review Denied Sept. 12, 1995.

Grant Woods, Atty. Gen. by Michael A. Edwards, Asst. Atty. Gen., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for petitioner.

Alexander M. Dalglish, Douglas, in pro. per.

OPINION

CONTRERAS, Judge.

Alexander M. Dalglish ("Petitioner") seeks review of the trial court's denial of his petition for post-conviction relief. We address the issue of when Petitioner's case was "final" for the purpose of determining retroactive application of a change in the law. We grant review but deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

A grand jury indicted Petitioner on one count of murder in the first degree. The case was tried to a jury. At the conclusion of the trial, the judge gave the following instruction to the jury: "If you decide that the defendant's conduct was justified, you must find the defendant not guilty." In *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), the Arizona Supreme Court concluded that this instruction constitutes fundamental error. *Id.* at 89, 688 P.2d at 981. The supreme court later held, in *State v. Slemmer*, 170 Ariz. 174, 823 P.2d 41 (1991), that *Hunter* governs all cases that were *not final* as of September 20, 1984. *Id.* at 184, 823 P.2d at 51.

The jury convicted Petitioner of first-degree murder on November 4, 1980. The trial judge sentenced Petitioner to a life sentence without possibility of parole for twenty-five years and credited him with 246 days of presentence incarceration. Petitioner appealed. On January 7, 1982, the Arizona Supreme Court issued an opinion affirming Petitioner's conviction and sentence. *State v. Dalglish*, 131 Ariz. 133, 639 P.2d 323 (1982). Subsequently, on January 29, 1982, the supreme court issued its mandate. On August 6, 1984, the Arizona Supreme Court granted Petitioner leave to file his *pro per* motion for rehearing in spite of its untimeliness, and he did so on the same day. The supreme court denied the motion without explanation on September 18, 1984.

Almost nine years later, on August 23, 1993, Petitioner filed a *pro per* petition for post-conviction relief. He requested a new trial based on the holdings of *Slemmer* and *Hunter*, which he argued constituted a "significant change in the law." The trial judge appointed counsel, who filed a supplemental petition for post-conviction relief. Counsel contended that Petitioner's case was not final on September 20, 1984 because, under the Rules of the United States Supreme Court, Petitioner had "fifty-nine days" after the State court's denial of the motion for rehearing (September 18, 1984) in which to file a petition for a writ of certiorari. Sup.Ct.R. 20.1, 28 U.S.C. (1980) ("A petition for writ of certiorari to review the judgment in a criminal case of a state court of last resort ... shall be deemed in time when it is filed with the Clerk within 60 days after the entry of such judgment."). Thus, counsel argued that Petitioner's case was not final by September 20, 1984 and his conviction could not stand.

The trial court denied the petition for post-conviction relief, finding that Petitioner's case had become final as of the supreme court's January 29, 1982 mandate. Therefore, *Hunter*, "which was decided thereafter, [wa]s not retroactively applicable" to Petitioner's case. The trial court also found that Petitioner's "Motion for Re–Hearing did not alter the finality of his conviction because the Arizona Supreme Court never recalled the mandate."

We review the trial court's denial of post-conviction relief for an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990).

## DISCUSSION

■■■ Petitioner contends that the trial court erred in failing to retroactively apply *Hunter* and in failing to find that the Arizona Supreme Court's August 6, 1984 order allowing him to file a motion for rehearing "implicitly recalled the mandate."

In response, the State first argues that Petitioner's case became final on January 29, 1982, the date on which the Arizona Supreme Court, after affirming Petitioner's conviction, issued its mandate. The State maintains that, although a judgment is not final in the federal system until after the time for an appeal and the time for the filing of a petition for certiorari have run, in Arizona, "an appellate decision becomes final when the mandate issues."

Second, the State notes that Petitioner's motion for rehearing in the Arizona Supreme Court was not timely filed. Under Arizona law, a petitioner must file a motion for rehearing within *fifteen days* after a final judgment, Ariz.R.Crim.P. 31.18(b) (1987 & Supp. 1994). By contrast, it is clear from the record that Petitioner waited until August 6, 1984 to file his *pro per* motion for rehearing.

United States Supreme Court Rule 20.4 stays the finality of a case only if the motion for rehearing is *timely*. "[I]f a petition for rehearing is *timely* filed by any party in the case, the time for filing the petition for writ of certiorari for all parties ... runs from the date of the denial of rehearing or of the entry of a subsequent judgment entered on the rehearing." Sup.Ct.R. 20.4 (emphasis added). Thus, the State asserts that even if the Arizona Supreme Court's mandate did not finalize Petitioner's case, his untimely motion for rehearing did not fall under Rule 20.4. Therefore, the State concludes that Petitioner's case must have become final by September 18, 1984, when the Arizona Supreme Court denied his motion for rehearing.

In his petition for review, Petitioner first argues that the trial court incorrectly relied on *State v. Ward,* 120 Ariz. 413, 586 P.2d 974 (1978), to find that the issuance of the mandate finalized his case. The *Ward* Court considered the timeliness of a retrial which began more than sixty days after a memorandum decision reversing a petitioner's prior conviction, and it concluded that the petitioner's case was final as of the filing of the order or the issuance of the mandate. *Id.* at 415, 586 P.2d at 976.

We find that the trial court erred by relying on *Ward* to find that the Arizona Supreme Court's mandate finalized Petitioner's case because *Ward* does not address the retroactive application of a change in the law. Instead, we conclude that former Rule 20 of the United States Supreme Court Rules and former Rule 31.18 of the Arizona Rules of Criminal Procedure govern the finality of this case.

In 1984, former Rule 20 provided that a petition for certiorari was timely if it was filed within sixty days from the date of judgment by the state court of last resort. Sup. Ct.R. 20.1. Moreover, if a motion for rehearing was *timely* filed, then the petition for certiorari could be filed within sixty days from the date of the denial of rehearing, or within sixty days from the entry of a subsequent judgment entered on the rehearing. *Id.*

Petitioner's motion for rehearing in the present case was not timely, however. Pur-

suant to Arizona law, Petitioner had only fifteen days after service of the supreme court's written decision affirming his conviction to file a motion for rehearing. Ariz. R.Crim.P. 31.18(b). He did not file within this time period, and the mandate issued on January 29, 1982. Rather, Petitioner filed an untimely motion for rehearing more than two years after the mandate issued. There is no evidence or support for the argument that the Arizona Supreme Court's grant of Petitioner's request to file an untimely motion for rehearing recalled the court's mandate and thus "definalized" Petitioner's case.

Further, the Arizona Supreme Court's one sentence order denying Petitioner's motion for rehearing did not extend the time for filing a petition for certiorari because the order did not revise the legal rights and obligations finalized by the Arizona Supreme Court's decision affirming Petitioner's conviction and sentence. *See Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 210–11, 73 S.Ct. 245, 248–49, 97 L.Ed. 245 (1952) (rejecting an argument that the period for petitioning for certiorari from a federal circuit court judgment was extended because the petitioner filed a memorandum that prompted the circuit court to enter a second judgment which did not materially alter the first); *Pfister v. Northern Illinois Finance Corp.,* 317 U.S. 144, 150, 63 S.Ct. 133, 137–38, 87 L.Ed. 146 (1942) ("[W]here an untimely petition for rehearing is filed which is not entertained or considered on its merits the time to appeal from the original order is not extended.").

## CONCLUSION

We conclude that Petitioner's case was final on January 29, 1982, the date the Arizona Supreme Court issued its mandate. Furthermore, the Arizona Supreme Court's decision permitting the delayed filing of the motion for rehearing two years after the mandate issued did not recall the mandate and thus did not "definalize" the court's earlier decision affirming Petitioner's conviction. In addition, the Arizona Supreme Court's order denying the motion for rehearing did not materially alter the merits of the court's

affirmance of Petitioner's conviction and thus did not grant an additional sixty days under United States Supreme Court Rule 20.4, in which Petitioner could seek further review.

Petitioner is therefore not entitled to reversal of his conviction based on the holdings of *Hunter* and *Slemmer*. The United States Supreme Court Rules extending the time in which a petitioner may file a petition for a writ of certiorari when a petitioner has *timely* filed a motion for rehearing do not apply. Accordingly, we grant review but deny relief.

GERBER, P.J., and VOSS, J., concur.