32 P.3d 1085

The STATE of Arizona, Respondent,

v.

David Elias SEPULVEDA, Petitioner.

No. 2 CA–CR 01–0129–PR.

Court of Appeals of Arizona,
Division Two, Department B.

Oct. 2, 2001.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley, Tucson, for Respondent.

David E. Sepulveda, Florence, In Propria Persona.

*OPINION*

DRUKE, J.

¶ 1 Petitioner was convicted in 1992 of armed robbery, an offense the jury found was dangerous. He also pled guilty to three other armed robberies and admitted having three prior convictions. The sentencing judge found he had committed the robbery while on parole and sentenced him to life imprisonment, to be served concurrently with three twenty-eight-year prison terms. *See* former A.R.S. § 13–604.02, 1987 Ariz. Sess. Laws, ch. 307, § 5. We affirmed his convictions and sentences on appeal and denied relief on a subsequent petition for review of the trial court's denial of post-conviction relief, filed pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S. *State v. Sepulveda,* No. 2 CA–CR 92–0509 (memorandum decision filed August 12, 1993); *State v. Sepulveda,* Nos. 2 CA–CR 98–0283–PR, 2 CA–CR 98–0284–PR (consolidated) (memorandum decision filed May 27, 1999).

¶ 2 Petitioner filed another petition for post-conviction relief, claiming that the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), constitutes a significant change in the law under Rule 32.1(g), Ariz. R.Crim. P., and that his constitutional rights were violated when the trial court, not the jury, determined he was on release at the time he committed the armed robbery. Petitioner thus argued that he is entitled to be resentenced only as a repetitive offender.

¶ 3 Petitioner now seeks review of the trial court's summary dismissal of his latest petition for post-conviction relief and its denial of his subsequent motion for reconsideration.[1] We review for an abuse of discretion a trial court's ruling on a petition for post-conviction relief. *State v. Watton,* 164 Ariz. 323, 793 P.2d 80 (1990). We find none here.

¶ 4 In *Apprendi,* the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455. Although Division One of this court has recently held that on release status under current A.R.S. § 13–604(R) is encompassed by the *Apprendi* rule for cases on direct appeal, *State v. Gross,* 201 Ariz. 41, 31 P.3d 815 (Ct.App.2001), we need not reach that question for former § 13–604.02(A) because we agree with the state's contention that *Apprendi* does not apply retroactively to persons such as petitioner whose convictions have become final.[2]

¶ 5 In *State v. Slemmer,* 170 Ariz. 174, 823 P.2d 41 (1991), our supreme court addressed the question of the retroactivity of a significant change in the law when the issue was raised, following an appeal, in post-conviction proceedings filed pursuant to Rule 32.1(g). Although *Slemmer* arguably presented a state law question, the court adopted the framework discussed in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), for determining the retroactive application of new constitutional principles when those issues are raised in federal habeas corpus proceedings. Our supreme court said it did so to avoid "requiring counsel and trial judges to apply different retroactivity rules, depending on whether the substantive decision is grounded on state or federal constitutional principles." *Slemmer,* 170 Ariz. at 182, 823 P.2d at 49. Because *Apprendi* constitutes a significant change in federal constitutional law, we are obligated to follow the

---

1. As petitioner points out, the trial court ruled only six days after the Rule 32 petition was filed, without waiting for the state to respond and without addressing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We remind trial courts that this procedure is not authorized by Rule 32.6(c), Ariz. R.Crim.P., 17 A.R.S.

2. A conviction becomes final upon the issuance of the mandate affirming the conviction on direct appeal and the expiration of the time for seeking certiorari in the United States Supreme Court. *See State v. Dalglish,* 183 Ariz. 188, 901 P.2d 1218 (App.1995). New federal constitutional rules are retroactively applied to all cases, state or federal, that are not yet final. *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

federal retroactivity analysis here. *American Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 178, 110 S.Ct. 2323, 2330, 110 L.Ed.2d 148, 159 (1990) ("In order to ensure the uniform application of decisions construing constitutional requirements ..., we have consistently required that state courts adhere to our [federal constitutional law] retroactivity decisions."); *see Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973) (vacating state court reversal of conviction based on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because conviction had become final before *Pearce* was decided and *Pearce* held not retroactive); *Meadows v. State*, 849 S.W.2d 748, 754 (Tenn.1993) ("[S]tates are bound by federal retroactivity analysis when a new federal rule is involved.").

¶ 6 "[D]ecisions overruling precedent and establishing a new rule are ' "almost automatically nonretroactive" ' to cases that are final and are before the court only on collateral attack." *Slemmer*, 170 Ariz. at 180, 823 P.2d at 47, *quoting Allen*, 478 U.S. at 258, 106 S.Ct. at 2880, 92 L.Ed.2d at 204, *quoting Solem v. Stumes*, 465 U.S. 638, 647, 104 S.Ct. 1338, 1343, 79 L.Ed.2d 579, 589 (1984). A new rule will apply to final convictions on collateral review only if it falls within one of two exceptions. *Teague.* The first exception applies to new rules making certain conduct exempt from the legislature's power to define criminal acts and is not implicated by *Apprendi. Teague.* Under the second exception, a new rule will be given retroactive effect only if it is a "watershed rule[ ] of criminal procedure" that "implicate[s] the fundamental fairness of the trial." *Id.* at 311–12, 109 S.Ct. at 1076, 103 L.Ed.2d at 356–57. This second exception is construed narrowly to facilitate the finality of criminal convictions, essential to the effective operation of the criminal justice system and its deterrent effect. *Id.* Indeed, since it decided *Teague*, the Supreme Court has found no new constitutional rules that satisfy the second exception. *United States v. Mandanici*, 205 F.3d 519, 529 (2d Cir.2000) (identifying "at least eleven new rules" of criminal procedure announced since *Teague* that the Supreme Court has found do not meet the second *Teague* exception and are therefore not retroactive).

¶ 7 Because we apply the *Teague* analysis for determining whether a significant change in federal constitutional law applies retroactively to final convictions, we look for guidance to opinions from the federal courts, which routinely apply that analysis. The Circuit Courts of Appeals that have addressed this issue to date have uniformly concluded that *Apprendi* does not meet the second *Teague* exception to nonretroactivity, finding that the *Apprendi* rule is not a watershed rule that goes to the fundamental fairness of a proceeding. *United States v. Moss*, 252 F.3d 993 (8th Cir.2001) (*Apprendi* not a watershed rule that seriously diminishes fairness of trial); *Dukes v. United States*, 255 F.3d 912 (8th Cir.2001) (following *Moss*); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001) (because *Apprendi* affects factfinder and standard of proof for only one element out of several, change is not "a watershed rule of criminal procedure which 'alter(s) our understanding of the bedrock ... elements essential to the fairness of a proceeding' "), *quoting Sawyer v. Smith*, 497 U.S. 227, 242, 110 S.Ct. 2822, 2831, 111 L.Ed.2d 193, 211 (1990); *Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000) (under *Teague*, *Apprendi* not retroactive to issue involving discrepancy between information and jury instructions). And, of the federal district courts that have addressed the issue and published decisions, the overwhelming majority have found that, under a *Teague* analysis, *Apprendi* is not to be applied retroactively to cases that are final. *See Moss*, 252 F.3d at 997 n. 4 (listing district court decisions, four finding *Apprendi* retroactive, twenty-two finding it nonretroactive).

¶ 8 Moreover, in an opinion that postdates *Apprendi*, the Supreme Court stated, "[I]t is unlikely that any of these watershed rules [satisfying the second *Teague* exception] ' "ha[s] yet to emerge." ' " *Tyler v. Cain*, 533 U.S. ——, —— n. 7, 121 S.Ct. 2478, 2484 n. 7, 150 L.Ed.2d 632, 645 n. 7 (2001), *quoting Sawyer*, 497 U.S. at 243, 110 S.Ct. at 2832, 111 L.Ed.2d at 212, *quoting Teague*, 489 U.S. at 313, 109 S.Ct. at 1077, 103 L.Ed.2d at 358. Although some courts

and judges have concluded otherwise,[3] in light of the persuasive weight of the federal authority cited above, we find that *Apprendi* is not the type of watershed rule accorded retroactivity under the second *Teague* exception. Thus, we will not apply *Apprendi* to claims raised in post-conviction proceedings in cases that have become final, and we need not address the merits of petitioner's substantive *Apprendi* claim.

¶ 9 Accordingly, we conclude that the trial court correctly denied post-conviction relief, albeit prematurely and for the wrong reason. *See State v. Perez,* 141 Ariz. 459, 687 P.2d 1214 (1984). Although we grant the petition for review, we deny relief.

ESPINOSA, C.J. and HOWARD, P.J., concurring.

**3.** *See People v. Beachem,* 317 Ill.App.3d 693, 251 Ill.Dec. 308, 740 N.E.2d 389 (2000); *see also United States v. Moss,* 252 F.3d 993 (8th Cir. 2001) (Arnold, J., dissenting) (finding *Apprendi* retroactive under *Teague* doctrine); *United States v. Clark,* 260 F.3d 382 (5th Cir.2001) (Parker, J., dissenting from remand for reconsideration) (finding same). Notably, Justice O'Connor's dissent in *Apprendi,* joined by three justices, characterized the majority opinion as a "watershed change in constitutional law." 530 U.S. at 523, 120 S.Ct. at 2380, 147 L.Ed.2d at 475.