**Michael L. SELF, Petitioner—Appellant,**

v.

**Terry STEWART, Director, Respondent—Appellee.**

No. 01–15657.

D.C. No. CV–00–01058–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 29, 2002.

Before BALDOCK,** KLEINFELD, and RAWLINSON, Circuit Judges.

2. *Visciotti v. Woodford,* 288 F.3d 1097, 1105 (9th Cir.2002).

3. *Clabourne v. Lewis,* 64 F.3d 1373, 1379 (9th Cir.1995).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

The district court properly denied Self's petition for a writ of habeas corpus as time-barred. Under Arizona law, a prisoner's claims are exhausted for habeas purposes once an appeal is presented to the Arizona Court of Appeals and that court has ruled on them. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir.1999) (holding limited to prisoners not sentenced to life imprisonment or death). Self's direct appeal was finalized and his claims exhausted on August 14, 1992, when the Arizona Court of Appeals issued its first mandate in his case. This mandate was not implicitly recalled and Self's direct appeal was not reopened when the Arizona Court of Appeals permitted Self to file a delayed petition for review to the Arizona Supreme Court and subsequently issued a second mandate in his case. *See State v. Dalglish,* 183 Ariz. 188, 901 P.2d 1218, 1220 (Ariz.Ct.App.1995).

Because Self's direct appeal became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Self's time to apply for a writ of habeas corpus ended on April, 24, 1997, one year after the effective date of the AEDPA. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir.2001). Self's petition for habeas relief, filed on June 1, 2000, was therefore untimely.

AFFIRMED.

** The Honorable Bobby R. Baldock, Senior United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.