NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ISAAC STEVEN VALLE, *Petitioner*.

No. 1 CA-CR 15-0539 PRPC
FILED 10-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 95-10873
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Isaac Steven Valle, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

¶1        Isaac Steven Valle petitions this Court for review from the summary dismissal of his successive petition for post-conviction relief. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2        A jury found Valle guilty of premeditated first-degree murder and two counts of attempted first-degree murder. Valle committed the offenses in 1995 when he was a juvenile. The trial court sentenced Valle to concurrent terms of 10.5 years' imprisonment for the attempted murder counts and a consecutive term of life with the possibility of release after 25 years for first-degree murder. This Court affirmed Valle's convictions and sentences as modified on direct appeal. *State v. Valle*, 1 CA-CR 97-0106 (Ariz. App. Feb. 24, 1998) (mem. decision).

¶3        Valle argues that the Supreme Court opinion in *Miller v. Alabama*, 567 U.S. 460 (2012) requires that the trial court vacate his sentence for murder. In *Miller*, the Supreme Court held "that *mandatory* life [sentences] *without parole* for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465 (emphasis added).[1] *Miller* further held that a trial court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole so long as the court considers "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. We deny relief on this issue because *Miller* has no application here. Valle did not receive a mandatory life sentence without the possibility of parole and *Miller* does not otherwise have any effect on Valle's life sentence *with* a possibility of release.

¶4        Valle further argues that if he ever obtains release from prison, the prospective application of A.R.S. § 13–716 would be an unconstitutional application of an ex-post facto law. In 2014, the legislature enacted A.R.S. § 13–716 and amended A.R.S. § 41–1604.09(I). 2014 Ariz. Sess. Laws, ch. 156, § 2. Sections 13–716 and 41–1604.09(I) provide that a person sentenced to life with the possibility of release for an offense that the person committed as a juvenile is eligible for parole upon completion of the minimum sentence, regardless when the person committed the offense.

---

[1]       *Miller* was a significant change in the law and is retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 241 Ariz. 206, 207 ¶ 1 (2016).

A.R.S. § 13–716 (2014); A.R.S. § 41–1604.09(I) (2014). The portion of A.R.S. § 13–716 that Valle challenges is the portion that provides a person sentenced to life with a possibility of release who is later granted parole must remain on parole for the remainder of the person's life and be subject to revocation. *See* A.R.S. § 13–716. We deny review of this issue because it is not ripe. *See Velasco v. Mallory*, 5 Ariz. App. 406, 410–11 (1967) ("We will not render advisory opinions anticipative of troubles which do not exist; may never exist; and the precise form of which, should they ever arise, we cannot predict."). Valle has several years remaining on his minimum 25-year imprisonment term and whether he will ever be placed on parole is a matter of speculation.

¶5          Finally, Valle argues that his sentence for murder violated the Supreme Court's determination that the existence of any fact, other than a prior conviction, that increases a criminal penalty beyond the prescribed statutory maximum must be determined by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We deny relief because *Apprendi* has no retroactive application to cases that have become final. *State v. Sepulveda*, 201 Ariz. 158, 160–61 ¶ 8 (App. 2001).

¶6          Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3