PER CURIAM.
The State of Florida appeals from an order discharging defendant, Zebedee Johnson, who was tried by jury and found guilty of murder in the second degree. In a previous appeal by the defendant, this court reversed the conviction and remanded the cause to the trial court for a new trial. The mandate ordering the new trial was issued on July 9, 1971. Thereafter, the state filed a petition for certiorari in the Florida Supreme Court to review the decision of this court. The petition not having been filed wtihin IS days of the July 9, 1971 mandate, the state petitioned for and obtained a stay of the trial court proceedings on September 28, 1971.[1] On July 18, 1972 the Florida Supreme Court entered an order discharging the writ of certiorari and said order became final on August 2, 1973.
On October 10, 1973 defendant filed a motion for discharge and alleged that (1) 81 days had elapsed between the mandate of July 9, 1971 and the stay of order of September 28, 1971, (2) from the August 2, 1973 final order discharging the writ of certiorari, 69 days had elapsed until the date of the filing of the motion to discharge, and, (3) therefore, a total of 150 days of speedy trial time had elapsed during which the defendant continuously had been available for trial without causing any continuance or delay in the proceedings.
After hearing argument ■ of counsel thereon, the trial judge entered an order discharging the defendant. The state appeals therefrom. We reverse.
RCrP 3.191(g) very clearly provides that:
“(g) Effect of Mistrial, Order of New Trial.—
“A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time’’ [Emphasis Supplied]
*455 The state having obtained a stay of the proceedings, we find that the 90 days began to run from the August 2, 1973 final order discharging the writ of certiorari which was the last order in time. Thus, appellee’s motion for discharge on October 10, 1973 was premature and should have been denied.
Accordingly, the appealed order discharging defendant is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.

. See PAR 4.5(c)(6).
“The petition for certiorari under this rule shall he filed in the Supreme Court within 30 days from the rendition of the order, decision or judgment of the district court of appeal. The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for the issuance of the writ. Unless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for certiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed or within 15 days from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; otherwise such petition for certiorari shall operate as a stay of such proceedings only upon the order of the Supreme Court or the Chief Justice after due notice to the adverse party. As amended effective Oct. 1, 1968 ([In re Florida Appellate Rules, Fla.] 211 So.2d 198).”