JORGENSON, Judge.
Antonio Leon appeals his conviction and sentence for burglary and grand theft following a jury trial. His chief complaint is that the trial court erred in not granting his motion for discharge under Florida Rule of Criminal Procedure 3.191(g). For the reasons which follow we affirm.
This court had previously reversed Leon’s conviction on grounds unrelated to this appeal in Leon v. State, 396 So.2d 203 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). Our mandate was filed in the trial court on May 8, 1981. The state’s motion for a stay pending review in the Florida Supreme Court was denied by this court. On June 17,1981, forty days after our mandate was filed in the trial court, the supreme court granted the state’s motion for a stay pending review. The state’s petition for review was ultimately denied by the supreme court on September 14, 1981. That denial was filed in the trial court on September 16, 1981. Leon moved for a discharge eighty-nine days later on December 14, 1981. His motion for discharge was denied and the case went to trial on the eighty-ninth day.
The narrow issue presented is whether the forty-day interval between the trial court’s receipt of our mandate and the supreme court’s issuance of a stay should be included within the ninety-day period contemplated under Rule 3.191(g). We hold that it should not. Rule 3.191(g) provides:
Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date or receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time. [Emphasis added.]
The event which permitted Leon’s new trial was the supreme court order denying review of this court’s decision. That order, filed in the trial court on September 16, 1981, was the last in time for purposes of Rule 3.191(g). See State v. Johnson, 320 So.2d 453 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 726 (Fla.1976); see also State v. Jenkins, 389 So.2d 971, 976 (Fla.1980) (emphasizing that the ninety-day period is uniform for both the state and the defense following appellate proceedings).
We have examined the other issue presented by the appellant and find it to be without merit.
The judgment and sentence are accordingly affirmed.
Affirmed.