**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George A. SCALF, Jr.,**
**Defendant-Appellant.**

No. 84–1183.

United States Court of Appeals,
Tenth Circuit.

April 29, 1985.

As Amended on Denial of Rehearing
June 24, 1985.

John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., Oklahoma City, Okl., with him on brief), for plaintiff-appellee.

G. Nicholas Pijoan, Evergreen, Colo., for defendant-appellant.

Before BARRETT and McKAY, Circuit Judges, and CARRIGAN*, District Judge.

BARRETT, Circuit Judge.

George A. Scalf, Jr. (Scalf), appeals his conviction of armed robbery of a savings and loan association in violation of 18 U.S.C. § 2113(a) and (d) (1982). This was the second time Scalf had been tried for the offense; his first trial ended in a conviction that was reversed in a *per curiam* opinion of this court. *United States v. Scalf,* 708 F.2d 1540 (10th Cir.1983). Judgment was entered in the first *Scalf* appeal on May 27, 1983, and the mandate of this court issued on June 20, 1983. (R.Vol. I at 2–11.) *See* Fed.R.App.P. 41. This court's mandate was received by the district court and filed on June 24, 1983.

The trial date for Scalf's second trial was originally set for July 14, but on July 5 the government made an oral motion for continuance. The motion was granted by a July 13 order resetting the trial date for November 14, 1983. Trial actually began on November 16. (R.Vol. I at 13, 24.) After three days of trial, the jury returned a guilty verdict. (R.Vol. I at 23.)

Scalf raises several contentions on appeal, but the only contention we address is whether his conviction must be reversed because the time limits of the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* (1982), were violated. The applicable portions of the Speedy Trial Act are as follows:

### § 3161 Time limits and exclusions

\* \* \* \* \* \*

(e) ... If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

\* \* \* . \* \* \*

### § 3162 Sanctions

\* \* \* \* \* \*

(a)(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the ad-

---

* The Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation.

ministration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

■ Section 3151(e), *supra*, provides that the time begins to run "from the date the action occasioning the retrial becomes final." In this case, that date is the date the mandate issued from this court: June 20, 1983. *United States v. Ross*, 654 F.2d 612, 616 (9th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982); *United States v. Cook*, 592 F.2d 877, 880 (5th Cir.1979), *cert. denied* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). The date that trial commences for purposes of the Speedy Trial Act is the date that a jury is selected. *United States v. Martinez*, 749 F.2d 601, 604 (10th Cir. 1984). In this case that date was November 16, 1983. (R.Vol. II at 79.) Thus, 149 days (June 20–November 16) elapsed between "the date the action occasioning the retrial became final" and the date trial commenced. Section 3161(e) allows only 70 days for this period, except that the court may extend the period to 180 days "if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical."

The record on appeal contains neither a transcript of the government's July 5 oral motion for continuance nor the July 13 order of the court granting that motion. Our best indication as to why the court granted the continuance is the following language in the court's order denying defendant's subsequent pre-trial motion to dismiss:

On July 13, 1983 the Court struck the case from the July 14, 1983 trial docket

pending a decision by the Office of the Solicitor General of the United States as to whether or not to seek certiorari in this case. On July 19, 1983 the Solicitor General determined he would not authorize review in this case and notice of this decision was received by the U.S. Attorney on July 25, 1983. (Order, November 22, 1983, R.Vol. I at 24.)

■ The granting of a continuance so that the government may decide whether or not to seek certiorari in the Supreme Court has nothing to do with "unavailability of witnesses or other factors resulting from passage of time." Because we find no other indications that such factors were involved, we conclude that the 70-day trial deadline applied in this case and not the 180-day deadline.

■ The government advances a number of reasons why there was no Speedy Trial Act violation. First, it contends that the time period does not begin to run or is tolled while its Solicitor's office makes a decision on whether or not to seek certiorari on the previous appeal. We have already held that the period begins to run when the mandate of the appellate court is issued. An application to seek certiorari or a decision to make such application has no effect on the finality of an appellate decision unless the mandate of the court is stayed or withdrawn in connection with such an event. *See* Fed.R.App.P. 41(b); Tenth Cir.R. 16. Furthermore, the time consumed in making a decision whether to seek certiorari is not an excludable period of delay recognized by Section 3161(h), and a continuance granted for such purpose is likewise not excludable delay. 18 U.S.C. § 3161(h), particularly (h)(8) (1982).[1] That time therefore cannot operate to toll the statutory time period.

---

1. Inasmuch as the district court did not base its grant of the continuance on a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the continuance does not meet the specific requirements of 18 U.S.C. § 3161(h)(8) (1982) and therefore cannot qualify as a period of excludable delay under 18 U.S.C. § 3161(h) (1982). We do not decide the question whether, under appropriate circumstances, a district court might find, in accordance with the parameters of § 3161(h)(8), that a continuance granted to allow the government adequate time to decide whether or not to seek certiorari of a prior appeal serves "the ends of justice," thereby qualifying the continuance as excludable delay.

▮

▮ Second, the government contends that Scalf was not prejudiced by the delay in any way, primarily because he was incarcerated during this time pursuant to another unrelated federal offense. We agree that Scalf has not shown that he was prejudiced by the delay, but prejudice to the defendant is not a prerequisite to a finding of violation of the Speedy Trial Act's deadlines.[2]

▮ The district court denied Scalf's motion to dismiss on grounds the Act had been violated because, among other things, the motion was untimely. (R.Vol. I at 24.) The motion came on November 14, two days before trial. Section 3162 of the Act provides that failure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal. 18 U.S.C. § 3162(a)(2) (1982). Since Scalf did so move prior to trial, and in the absence of an explicit court-imposed deadline for pretrial motions, (Appellant's Br. at 10), we hold that the court abused its discretion insofar as it relied on the untimeliness of Scalf's motion to dismiss as a ground for its finding that the Speedy Trial Act had not been violated.

▮ Inasmuch as 149 days elapsed before trial and the applicable deadline was 70 days, we hold that Section 3161(e) of the Speedy Trial Act was violated. Section 3161(e) provides that the sanctions of Section 3162 apply, and Section 3163(c) makes these sanctions mandatory for all cases commencing after July 1, 1980. *United States v. Gilliss*, 645 F.2d 1269, 1275 (8th Cir.1981). Section 3162(a)(2) provides that if a defendant is not brought to trial within the applicable time limits, the indictment shall be dismissed on motion of the defendant. In determining whether to dismiss the indictment with or without prejudice, the court must consider, among others, the following factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to dismissal, (3) the impact of a reprosecution on the administration of the Act, and (4) the impact of a reprosecution on the administration of justice. 18 U.S.C. § 3162(a)(2) (1982).

We therefore reverse and remand with instructions for the district court to dismiss the indictment. The dismissal may be with or without prejudice. Such decision must be based on the factors enumerated above.

REVERSED AND REMANDED.

---

**2.** The matter of prejudice to the defendant simply does not appear, even implicitly, in the Speedy Trial Act until Section 3162, dealing with sanctions, which allows the court to choose whether to dismiss the indictment with or without prejudice. 18 U.S.C. §§ 3161, 3162(a) (1982). In contrast with the rights of the defendant to a timely indictment under the Fifth Amendment and to a speedy trial under the Sixth Amendment, where prejudice to the defendant is an important consideration, *see, e.g., United States v. Jenkins*, 701 F.2d 850, 854–57 (10th Cir.1983), the Speedy Trial Act requires no showing of prejudice to the defendant because it also seeks to encourage the expeditious operation of the judicial machinery in general, and thus fixes arbitrary time limits. *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir.1982).