357 S.E.2d 780

STATE of West Virginia

v.

Robert MOORE.

No. 17229.

Supreme Court of Appeals of West Virginia.

June 5, 1987.

---

J. Montgomery Brown, P.A., Fairmont, for appellant.

Michael T. Clifford, Leo Catsonis, Charleston, for appellee.

MILLER, Justice:

The defendant appeals his conviction in the Circuit Court of Marion County for obtaining money under false pretenses. The defendant's primary contention is that the circuit court erred in denying his motion to dismiss the indictment on the basis of the State's failure to bring the defendant to trial within three terms of court. We agree with the defendant's position.

The defendant was originally indicted by a Marion County grand jury in June, 1975, for the offense of obtaining money under false pretenses. He was convicted in January, 1977, and on December 9, 1980, we reversed the defendant's conviction and remanded the case. *State v. Moore*, 166 W.Va. 97, 273 S.E.2d 821 (1980). Under W.Va.Code, 51-2-1p, the three regular annual terms of the Circuit Court of Marion County commence on the second Monday in March, June, and November. The record does not reflect any activity or continuances in the defendant's case during the March and June, 1981 terms of court.

By letter of November 17, 1981, the prosecuting attorney advised the defendant's attorney that the case was set for trial on February 2, 1982. On January 26, 1982, the defendant appeared before the circuit court without his attorney and requested copies of a part of his file in the office of the prosecuting attorney. The circuit court denied the defendant's request.

The case was not tried on February 2, 1982, apparently because the prosecutor believed it would be continued on the defendant's motion and an order was sent to the defendant's attorney on February 16, 1982, to that effect. However, defense counsel refused to sign the order. At the beginning of the March, 1982 term of court, the defendant's counsel moved to dismiss the case because it had not been tried within three terms next after the remand.

The trial court refused to grant the dismissal on the theory that the defendant through counsel had agreed to a continuance of the February 2 trial. This finding was made at a hearing at the March, 1982 term, but there was no record made of such agreement during the preceding November, 1981 term, which was the third term.

This situation is analogous to *State v. Underwood*, 130 W.Va. 166, 43 S.E.2d 61 (1947), where the State claimed that an agreement had been reached between the court and the defense attorney to continue the case during the February term of court, which was the third term. However, through inadvertence, the order was not entered and a subsequent attempt was made at the May term to enter a *nunc pro tunc* order. This Court, in rejecting such procedure and holding that the three-term statute had been violated, stated in Syllabus Points 1 and 2 as follows:

"1. Under Code, 62–3–21, a defendant charged with a felony and remanded to a court of competent jurisdiction for trial, is entitled to be discharged from prosecution for the offense if there be three regular terms of such court after the indictment therefor is found against him, without a trial, unless the failure to try him is caused by one or more of the excuses therefor mentioned in said section, and such failure is not excused by the failure of the court, through inadvertence, to enter, during the last of the three terms aforesaid, an order continuing the case on motion of the defendant.

"2. A *nunc pro tunc* order cannot be entered after the adjournment of the term of court at which the original should have been entered, unless there was a direction in term for such entry, and there must have been some proceeding or memorandum upon the record or *quasi* record of the court evidencing such direction."

Although the State does not argue to the contrary, it is our rule that "[r]etrial must occur within three terms after the term in which relief is granted upon habeas corpus or appellate review, subject to the statutory exceptions excusing delay" under W.Va.Code, 62–3–21.[1] *State v. Bias*, 177 W.Va. 302, 315, 352 S.E.2d 52, 65 (1986).

*Bias* relied on our earlier case of *State v. Gwinn*, 169 W.Va. 456, 470, 288 S.E.2d 533, 541 (1982), where we recognized that neither our one-term rule, W.Va.Code, 62–3–1, nor our three-term rule, W.Va.Code, 62–3–21, expressly covered the situation as to how soon a retrial had to occur when relief from a conviction was obtained by way of a habeas corpus proceeding.[2]

A number of jurisdictions either by some express statutory provision or by court rule or decision impose some time limitation on when a retrial must be given when a case is reversed on appeal or where relief from a conviction is accorded by way of a habeas corpus proceeding. *United States v. Black*, 733 F.2d 349 (4th Cir.1984) (federal speedy trial act); *United States v. Scalf*, 760 F.2d 1057 (10th Cir.1985) (federal speedy trial act); *State v. Ward*, 120 Ariz. 413, 586 P.2d 974 (1978) (In Banc); *State v. Johnson*, 320 So.2d 453 (Fla.App.1975); *State v. Hess*, 180 Kan. 472, 304 P.2d 474 (1956); *State v. Brown*, 451 So.2d 1074 (La.1984); *People v. Hill*, 144 Mich.App. 735, 376 N.W.2d 396 (1985); *State v. Richmond*, 611 S.W.2d 351 (Mo.App.1980); *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986); *People v. Holmes*, 105 A.D.2d 803, 481 N.Y.S.2d 741 (1984); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); ABA Standards for Criminal Justice, Speedy Trial § 2.2 (1978). We be-

lieve the utilization of the three-term rule, subject to the exceptions contained in W.Va.Code, 62–3–21, as set out in *Bias*, is reasonable.

We have uniformly held that the failure to comply with the three-term rule under W.Va.Code, 62–3–21, bars further prosecution. *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981); *State v. Young*, 167 W.Va. 312, 280 S.E.2d 104 (1981); *State v. Lacy*, 160 W.Va. 96, 232 S.E.2d 519 (1977); *State ex rel. Parsons v. Cuppett*, 155 W.Va. 469, 184 S.E.2d 616 (1971); *State v. Underwood, supra*. This same rule is applicable for a retrial if the case is not tried within three terms after the term of the remand, subject to the exceptions contained in W.Va. Code, 62–3–21.

Because the State did not meet its requirements, we conclude that the defendant's conviction must be set aside and that he is entitled to be discharged from further prosecution. This case is, therefore, reversed and remanded with directions to enter an appropriate order in conformity with this opinion.

Reversed and Remanded With Directions.

---

1. W.Va.Code, 62–3–21, provides, in pertinent part:

    "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a con-

    tinuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict...."

2. In *State v. Holland*, 149 W.Va. 731, 143 S.E.2d 148 (1965), we recognized that where a defendant obtained relief from a conviction in a habeas corpus proceeding, he was not entitled to count for purposes of the three-term rule from the date of the indictment since his habeas corpus proceeding tolled the three-term rule.